In the Matter of PATRICIA BACON et al., Petitioners, *v.* ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

Third Department, January 25, 1973.

*Wiser, Shaw, Freeman, Van Graafeiland, Harter & Secrest* (*William H. Helferich, III*, of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (James H. Sweeney* and *Ruth Kessler Toch* of counsel), for respondents.

KANE, J. · This is a proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Social Services decertifying Elmhurst Sanitarium as a provider of skilled nursing home care in accordance with the provisions of title 19 of the Federal Social Security Act.*

Petitioners are partners in the operation of Elmhurst Sanitarium, which has been an established nursing home since 1948, and was one of 148 nursing homes decertified by the Department of Social Services in January, 1972. Federal court action resulted in the enjoining of the decertification pending hearings concerning whether a waiver should be granted (*Maxwell* v. *Wyman,* 458 F. 2d 1146). A hearing was held, the hearing officer recommended that no waiver be granted, and this recommendation was adopted by the Commissioner of the Department of Health. The Commissioner of the Department of Social Services approved the recommendation in a determination now under review.

As of January 1, 1970, the Life Safety Code of the National Fire Protection Association became applicable to nursing homes which meant that the State must meet certain criteria in order to qualify for grants for medical assistance. It is provided in the regulations of the State Department of Social Services that a nursing home must have both an operating certificate issued by the Sate Department of Health and meet the Federal requirements under title 19 of the Federal Social Security Act (18 NYCRR 505.9).

Petitioners admit that Elmhurst does not meet some of the requirements of the Life Safety Code in certain structural aspects; staircases are not enclosed with material having one-hour fire resistant ratings and the entire building, being of wood frame construction, is not constructed with materials having a two-hour fire resistance rating. The State, however, has the authority, which petitioners contend respondent should exercise, to waive specific provisions of the Life Safety Code that if rigidly applied would result in unreasonable hardship upon a nursing home, provided that such waiver will not

* U. S. Code, tit. 42, §§ 1396–1396g, entitled Grants to States for Medical Assistance Programs.

adversely affect the health and safety of the patients (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], subpar. [F], cl. [i]).

In denying the waiver the Commissioner found that there was a failure to prove that a waiver would not adversely affect the health and safety of the patients, a conclusion which is amply supported by the evidence at the hearing. Only the petitioner Bacon and an architect testified, and it was the latter who gave an opinion as to the health and safety of the patients under existing circumstances. While this witness testified that a waiver would not have an adverse effect, he limited his opinion to the operation and maintenance of Elmhurst, not the threat to health or safety occasioned by structural noncompliance. He also testified that Elmhurst as presently constructed would not provide nearly equivalent safety to the patients as would a structure built in compliance with the Life Safety Code. With such testimony the decision cannot be considered arbitrary and capricious (*Matter of Fink* v. *Cole,* 1 N Y 2d 48, 53).

The additional argument of petitioners regarding the applicability of the Life Safety Code to previously existing nursing homes is without merit.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., STALEY, JR., COOKE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.