Nancy A. MAXWELL, Individually and d/b/a Maxwell Nursing Home on her own behalf and on behalf of all other similarly situated proprietors of other proprietary nursing homes in New York State,

v.

George K. WYMAN, as Commissioner of the New York State Department of Social Services, et al.

Docket 71-2202.

United States Court of Appeals, Second Circuit.

Argued March 16, 1973.

Decided May 17, 1973.

Joseph T. Hopkins and James H. Sweeney, Asst. Attys. Gen. (Louis J. Lefkowitz, Atty. Gen., of N. Y., of counsel), for Wyman and Ingraham.

James S. Cullum, Asst. U. S. Atty. (James M. Sullivan, Jr., U. S. Atty., N.D. N.Y., of counsel), for Richardson.

Before MURRAH,* KAUFMAN and OAKES, Circuit Judges.

PER CURIAM:

The State of New York applied to the district court, in connection with this court's opinion rendered in Maxwell v. Wyman, 458 F.2d 1146 (2d Cir. 1972), to grant injunctive relief against the federal defendant, the Department of Health, Education and Welfare. The district court denied the relief requested and gave the State time within which

---

* Of the Tenth Circuit Court of Appeals, sitting by designation.

to apply directly to us for modification of our opinion. In that opinion we held that the State Department of Social Services and Health could not terminate participation in the New York Medicaid program by the proprietors of "skilled nursing homes" without a hearing. We declined, however, to enjoin HEW from denying reimbursement to the State in connection with those homes on the basis that application therefor was premature and on the assumption that "the HEW procedures will have sufficient flexibility to allow the State to afford [the nursing homes] hearings if it does so on an accelerated basis." [1] 458 F.2d at 1152.

It is necessary to point out that following our decision in Maxwell v. Wyman, *supra,* the State and HEW entered into a stipulation that "federal financial participation for any nursing home affected by said court order will be continued until a decision on the hearing therein is rendered." Stipulation ¶ 4, Maxwell v. Wyman, 71–CV–471 (N.D.N.Y., Dec. 8, 1972).

We were correct in our assumption that HEW procedures were sufficiently flexible to permit the State to afford administrative hearings, and it has been doing so on an accelerated basis and receiving federal reimbursement funds accordingly. HEW, however, has stated its intention to terminate those funds before the administrative determinations have become final, that is, despite the fact that judicial review is being sought by certain nursing homes which lost at the administrative level on the issue of their eligibility.[2] The state courts have,

over the State's objection, granted stays of the enforcement of adverse hearing determinations pending judicial review. These stays prohibit decertification of the nursing homes and require continued payments by the State of New York for care rendered to Medicaid patients in the homes. HEW's refusal to reimburse the State for payments made by the State pursuant to court orders pending review even denies reimbursement for the period required to remove the patients from the homes which were decertified following hearings.[3]

The position of HEW is that the reference in the December 8, 1972, stipulation for federal financial participation (FFP) to be continued until a decision on the hearing therein is rendered was simply to an administrative decision. The position of the State is that the intended reference was to a final decision. HEW refers to its own Program Regulation Guide No. 11 to the effect that a facility does not meet the definition of a skilled nursing home for the purpose of federal financial reimbursement if a provider agreement has been terminated. HEW argues that such termination has occurred here.

But termination has not occurred, for pursuant to § 7805 of N.Y.C.P.L.R. (McKinney, 1963), the state courts have ordered stays in "the enforcement of any determination under review . . . . " and under the express language of HEW's own Program Regulation Guide No. 11 on which it relies,

> If . . . State law provides for continued validity of the provider agreement pending appeal, or if the

---

1. The hearings were to relate to the question whether under applicable federal regulations waiver of compliance with the provisions of the Life Safety Code of the National Fire Protection Association may be permitted.

2. One hundred forty-eight homes were involved in the case before us. 458 F.2d at 1148. We are advised that all of these were offered the opportunity for a hearing, 110 hearings were held and waivers granted for 22 homes, and that approxi-

mately 40 homes have appealed in the state courts pursuant to N.Y.C.P.L.R. Art. 78 (McKinney 1963).

3. HEW was advised by the Division of Medical Assistance of the New York State Department of Social Services through its deputy commissioner that a 30-day period within which to remove the patients after expiration of the provided agreement was "essential to insure that during the removal of the patients at the home, their health and safety is not jeopardized."

facility is upheld on appeal and State law provides for retroactive reinstatement of the agreement, the agreement would not be considered terminated during the appeal period for purposes of Federal financial participation for payments to the facility.

Now, however, HEW relies upon a self-serving memorandum dated September 20, 1972, from the Commissioner of Medical Services Administration to S.R. S. Regional Commissioner, Region 5, purporting to say that Program Regulation Guide No. 11 did not mean what it says on its face. This intra-agency memorandum, which HEW interprets to mean that HEW payments to the State will be made only until hearings have been conducted—not pending appeals from hearing decisions—says,

> The fact that a Court orders the State to continue payments to a nursing home does not change these rules. However, if the Court order provides for continuation of payments to a facility until the State can schedule an administrative hearing, and the result is the continuation of the provider agreement during this period, then FFP may be claimed by the State for payments made to the facility.

We see no justification for HEW's attempt thus to negate its own Program Regulation Guide. It is perfectly obvious that where any enforcement of any state administrative order has been stayed pending judicial review, the provider agreement has not been terminated, decertification has not occurred, and the agency decision has not been finally made.

We think the State has demonstrated good faith compliance with the order of this court in Maxwell v. Wyman, *supra,* and has attempted with due despatch to afford the administrative hearings made requisite thereby. We have every faith that the New York courts will act promptly in determining the appeals now pending so as not unduly to burden the federal and state agencies with the needless payment of funds. *See, e. g.,* Bacon v. Lavine, App.Div., 340 N.Y.S.2d 68 (3rd Dep't. 1973).

HEW concedes in its moving papers that as provided in Program Regulation Guide No. 11 if a nursing home facility is upheld on appeal and found to be qualified to participate in Medicaid, it will then retroactively provide reimbursement. This being true, we can see no reason why HEW should not be required to continue reimbursement to facilities pending appeal at least where the state courts have stayed enforcement of the administrative decertification order. To hold otherwise would cause irreparable harm to the State, since there is no action by which it might seek reimbursement from the federal government for the FFP that would not be forthcoming as a result. To hold as we do is to say no more than that HEW must give the same treatment pending judicial review of an administrative proceeding as it does pending the proceeding itself or as it concedes that it would if a nursing home operator was able to have the administrative determination reversed on appeal.

We recognize that HEW is attempting a vigorous campaign to upgrade the level of nursing home care throughout the country by means of strict enforcement of Title 42 standards. Indeed, we are informed that on November 29, 1971, 38 states had been informed by HEW of "substantial deficiencies" in their skilled nursing home certification procedures, but this does not mean that federal and state procedures can be arbitrary and, indeed, our previous decision in Maxwell v. Wyman held that the New York procedures are not arbitrary. Evidence of the fairness of those procedures lies in the fact that 22 of the original appellants in that case have been granted waivers on the administrative level. We hold that HEW must give recognition to the process of judicial review also and that within the meaning of its own stipulation of December 8 there has been no administrative "decision" that is final and binding until such time as that review has taken place. Accordingly, we do not modify

our opinion in Maxwell v. Wyman, but we supplement it hereby, and remand to the district court to grant the injunctive relief requested by the State. We treat the application to us as an appeal from the denial of the relief requested in the district court.

We thus order that the Secretary of Health, Education and Welfare be enjoined from terminating reimbursement to the State of New York for any skilled nursing home in the state of New York for which the State is required by court order to continue reimbursement pending review by the New York state courts of an administrative decision adverse to the nursing home facility.

Cause remanded.